UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE STELLY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC. et al,<br><br>　　　　　Defendants. | Case No.  25-cv-08933-JSC<br><br>**ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION** |

Plaintiff, a California citizen, filed this state-law action against Tesla, Inc. ("Tesla"), "TY (LAST NAME UNKNOWN)," and "TONY (LAST NAME UNKNOWN)" in state court. (Dkt. No. 1-1 ¶¶ 7-9.)[1] Tesla removed the action to federal court on diversity jurisdiction grounds. (Dkt. No. 1.)

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. The defendant seeking removal "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself it has federal subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1447(c).

Tesla argues complete diversity exists because it is incorporated and headquartered in Texas, and Plaintiff has not served the individual defendants, who "[u]pon information and belief . . . reside in Alameda County." (Dkt. No. 1 at 5-6 (quoting Dkt. No. 1-1 ¶ 9).) According to Tesla, because an action otherwise removable based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and *served* as defendants is a citizen of the State in which such action is brought," removal is appropriate when, as here, individual defendants are California citizens but have not been served. *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

But 28 U.S.C. § 1441(b)(2) does not eliminate the Court's obligation to ensure it has subject matter jurisdiction, here, diversity jurisdiction under 28 U.S.C. § 1332(a)(1). In fact, section 1441(b)(2) only applies to actions "otherwise removable [] on the basis of the jurisdiction under section 1332(a)." *See* 28 U.S.C. § 1441(b)(2); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938-39 (9th Cir. 2006) (explaining section 1441(b)(2) is a "procedural, [] non-jurisdictional, rule" "[s]eparate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332"). Furthermore, "[t]he Supreme Court and Ninth Circuit have expressly rejected [Tesla's] apparent position that an unserved defendant's citizenship is not considered in determining whether complete diversity exists." *JD v. Mitchell*, No. 18-CV-06261-HSG, 2019 WL 1749521, at *2 (N.D. Cal. Apr. 19, 2019) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939); *Lopez v. Gen. Motors Corp.*, 679 F.2d 1328, 1331 (9th Cir. 1983); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends on complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.")). Tesla relies on *Urquidez v. Hyatt Corporation*, No. 3:24-CV-01975-CAB-MMP, 2025 WL 89725 (S.D. Cal. Jan. 15, 2025), but that court never specified the plaintiff was a California citizen such that consideration of the unserved defendant, a California citizen, would eliminate complete diversity. *Id.* at *1-2. Tesla therefore cites no authority supporting its argument an unserved defendant's citizenship is disregarded for purposes of diversity jurisdiction. And as explained above, binding Ninth Circuit and Supreme Court authority is to the contrary.

Accordingly, on or before November 10, 2025, Tesla is ORDERED TO SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction. The Court will advise Plaintiff if a response is required.

**IT IS SO ORDERED.**

Dated: November 3, 2025

JACQUELINE SCOTT CORLEY
United States District Judge