UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE STELLY,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA, INC. et al.,<br><br>    Defendants. | Case No. 25-cv-08933-JSC<br><br>**ORDER REMANDING CASE** |

       Plaintiff, a California citizen, filed this state-law action against Tesla, Inc. ("Tesla"), "TY (LAST NAME UNKNOWN)," and "TONY (LAST NAME UNKNOWN)" in state court. (Dkt. No. 1-1 ¶¶ 7-9).[1] Tesla removed the action to federal court on diversity jurisdiction grounds. (Dkt. No. 1.) Because Plaintiff alleges the individual defendants are California citizens, the Court ordered Tesla to show cause regarding diversity jurisdiction. (Dkt. No. 12.)

       Tesla argues because Plaintiff has not served the individual defendants, the Court can disregard their citizenship for purposes of determining complete diversity. (Dkt. No. 1, 13.) The Court disagrees. Federal diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). A case removed to federal court must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (explaining federal courts' independent obligation to ensure they have subject matter jurisdiction). As the Court previously explained, "[t]he Supreme Court and the Ninth Circuit have expressly rejected [Tesla's] apparent position that an unserved

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

defendant's citizenship is not considered in determining whether complete diversity exists." *JD v. Mitchell*, No. 18-CV-06261-HSG, 2019 WL 1749521, at *2 (N.D. Cal. Apr. 19, 2019) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939); *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1331 (9th Cir. 1983); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends on complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.")).

Tesla's arguments otherwise are unavailing. Neither *Cripps v. Life Insurance Co. of North America*, 980 F.2d 1261 (9th Cir. 1992), which considered whether unserved defendants counted for diversity in interpleader actions under 28 U.S.C. § 1335, or Congress's 1988 amendments to 28 U.S.C. § 1441, which provided unserved "Doe" defendants are disregarded for diversity purposes, overrules the Supreme Court and Ninth Circuit precedent cited above. *See Cripps*, 980 F.2d at 1265-66 (describing 28 U.S.C. §§ 1335, 1441). And, in light of that precedent, the Court will not adopt the district court's approach in *Urquidez v. Hyatt Corporation*, No. 3:24-CV-09175-CAB-MMP, 2025 WL 89725, at *1-2 (S.D. Cal. Jan. 15, 2025) (denying motion to remand although unserved defendants would defeat diversity).

Because the Court lacks subject matter jurisdiction to hear this case, the Court REMANDS the case to the Superior Court of the State of California for the County of Alameda.[2] The Court further orders that the court file in this case be transferred by the clerk of this Court to the clerk of the State Court, along with a certified copy of this Order of Remand. The State Court may thereupon proceed with this case.

**IT IS SO ORDERED.**

Dated: November 21, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

---

[2] The Court also rejects Tesla's request to delay its remand until the parties stipulate to arbitration, because the Court would not have the power to grant the parties' stipulation in the absence of subject matter jurisdiction.